UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENTAL CARE ASSOCIATES OF SPOKANE VALLEY, PS; DR. JAMES G. HOOD, DDS; and KAREN J. HOOD,<br><br>Defendants. | NO: 2:15-CV-23-RMP<br><br>ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION |

BEFORE THE COURT is the United States' Motion for a Preliminary Injunction, ECF No. 32. This Court has reviewed the record, the pleadings contained therein, and is fully informed.

## BACKGROUND

The United States filed its First Amended Complaint in this action on June 16, 2015, seeking a permanent injunction against Defendants that would require them to adhere to federal tax laws by timely filing employment tax returns, timely paying the Internal Revenue Service (IRS) federal employment taxes, and not

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 1

assigning or transferring any property until Defendants pay the taxes that they have withheld from employees' paychecks. *See* ECF No. 17 at 2. The Government alleges that Defendants own and operate a number of business entities with employees which requires them to submit documentation and withhold and pay federal income taxes, Federal Insurance Contribution Act (FICA) taxes, and Federal Unemployment Tax Act (FUTA) excises related to their employees' wages. *Id*. at 8-10. The Government argues that the entities run by Defendants, including, among others, Dental Care Associates of Spokane Valley, P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S., P.S.; Hood Family Trust; and Whispering Pine Press Inc., have avoided such tax obligations since 2001 and continue to do so. *See generally* ECF No. 17.

According to the Government, the IRS has conferred with Defendants on numerous occasions, notified them of their liabilities, and has sought compliance through a variety of means prior to initiating this suit. *Id*. at 19; *see also* ECF No. 32 at 4-6. The IRS states that it has issued warnings, sought levies, and pursued administrative action to force Defendants to adhere to their tax obligations. *See* ECF No. 17 at 19-21, *See also* ECF No. 32 at 4-6. Defendants, however, continue to avoid paying necessary taxes and continue to open new business entities seemingly to avoid the oversight of the IRS. The Government found 52 businesses listed under their names. *See* ECF Nos. 17 at 19. In doing so, Defendants have accrued more than $700,000 in taxes owed to the IRS, according to IRS records,

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 2

and that debt continues to rise.  *See* ECF No. 32 at 2.  During the pendency of this litigation, the United States seeks a preliminary injunction:

> that prevents the entities or the Hoods from failing to obey any of the internal revenue laws, forces them to send facsimiles of the tax returns they file and proof of payment to the Revenue Officer assigned to the case on the day of filing and paying, and stops them from creating and operating new entities without notifying the IRS.

*Id*. at 1-2.

## ANALYSIS

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion" (emphasis in original).  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam)).  Ordinarily, to obtain a preliminary injunction, the moving party must "demonstrate that (1) he is likely to succeed on the merits of such a claim; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Lopez*, 680 F.3d at 1072 (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)).

In this case, the United States is seeking an injunction pursuant to 26 U.S.C. § 7402 which states in relevant part:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue … orders of injunction … and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

Although the Ninth Circuit Court of Appeals has not yet determined whether the traditional equitable factors must also be met to issue a preliminary injunction,[1] the court in *United States v. Thompson*, 395 F. Supp. 2d 941, 945 (E.D. Cal. 2005) held that "[b]ecause § 7402(a) grants the court injunctive power, the government need only show that an injunction is appropriate for the enforcement of the internal revenue laws, without reference to the traditional equitable factors."  In considering the United States' Motion, this Court assesses both whether or not the preliminary injunction is necessary and appropriate to enforce internal revenue laws and also whether or not the traditional equitable factors favor an injunction. Importantly, "[t]he government bears the burden of proving each element necessary for the issuance of the injunction by a preponderance of the evidence." *United States v. Stephenson*, 313 F. Supp. 2d 1054, 1057 (W.D. Wash. 2004)

---

[1] "The Ninth Circuit has not determined whether the United States must show the traditional equitable factors in order to obtain a preliminary injunction." *United States v. Stephenson*, 313 F. Supp. 2d 1054, 1056 (W.D. Wash. 2004).

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 4

(citing *United States v. Estate Preservation Services,* 202 F.3d 1093, 1098 (9th Cir.2000)).

**A. Traditional equitable factors**

(1) Likelihood of success on the merits

"To establish a substantial likelihood of success on the merits, [the moving party] must show 'a fair chance of success.'" *In re Focus Media Inc.*, 387 F.3d 1077, 1086 (9th Cir. 2004) (quoting *Republic of the Philippines v. Marcos,* 862 F.2d 1355, 1362 (9th Cir.1988) (en banc)). The United States has submitted substantial reliable evidence supporting its claim that Defendants have failed to pay their taxes. *See e.g.*, ECF Nos. 33-34. For example, the Government submitted Certificates of Assessment and Payment that demonstrate the proper assessment, notice, and demand for taxes made by a representative of the Secretary of the Treasury. ECF No. 32 at 9. In response, Defendants have not submitted any viable legal arguments or defenses; they instead vaguely dispute the amounts owed, detail their failed attempts at compliance, and submit details regarding personal difficulties. *See* ECF Nos. 38-48. In light of the substantial evidence supporting the United States' claims, and in the absence of any viable defenses or evidence to counter the same, this Court finds that the United States is sufficiently likely to succeed on the merits of this litigation.

/ / /

/ / /

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 5

(2) Irreparable harm

The United States argues that Defendants continue to add to the significant tax debt that they already have accrued, and absent an injunction, the public will be forced to fund their business endeavors while they ignore their growing tax liabilities. *See* ECF No. 32 at 9-10. Defendants fail to provide any evidence to the contrary. *See* ECF Nos. 38-48.

As the alleged debt increases to an extent that Defendants may not be able to pay and insofar as they continue to maintain business entities, this Court agrees with the Government that under a preponderance of the evidence standard, it is likely that irreparable harm would result if Defendants' conduct is not enjoined.

(3) The balance of equities

The Government argues that the balance of equities weigh heavily in its favor because it is simply requesting that Defendants be forced to comply with the law. *See* ECF No. 32 at 9. As the Court in *United States v. Campbell*, 897 F.2d 1317, 1324 (5th Cir. 1990) (citing *Dunlop v. Davis,* 524 F.2d 1278 (5th Cir.1975)) held in dealing with a permanent injunction: "[a] permanent injunction against future violations of a statute is permitted because such merely requires the enjoined party to obey the law."

Any hardships than an injunction would impose on Defendants would already have arisen under relevant statutes, but absent an injunction, the United States would continue to lose the benefits of obtaining tax revenues owed by

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 6

Defendants. Defendants address this factor with numerous repetitive declarations that detail attempts to satisfy debts and that restate personal difficulties regarding their family life. *See* ECF Nos. 38-48. Although the Court recognizes the severity of Defendants' personal hardships, the burden of complying with statutory obligations is not dissipated by the presence of unfortunate or even tragic circumstances. Accordingly, this Court finds that the balance of equities weighs in favor of granting the requested preliminary injunction.

(4) Public Interest

According to the Government, the public is currently funding Defendants' business entities, and the effect of Defendants' ability to avoid taxes is serving as a de facto subsidy of their businesses, supporting them against their law-abiding and tax-paying competitors. *See* ECF No. 17 at 25-36, *see also* ECF No. 32 at 10. Defendants do not provide any reason to believe that the public has an interest that would be harmed by the requested preliminary injunction. *See* ECF Nos. 38-48. Accordingly, the Government has met its burden of establishing by a preponderance of the evidence that an injunction is in the public interest.

**B. 26 U.S.C. § 7402 – "Necessary and appropriate"**

The Government argues that an injunction is proper in this case pursuant to 26 U.S.C. § 7402 because "it is necessary or appropriate for the enforcement of the internal revenue laws." ECF No. 32 at 7-8. The Government states that Defendants have failed to comply with their tax obligations after the Government

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 7

sought compliance through administrative actions and other means prior to this litigation, but nothing sufficed to ensure that Defendants paid their taxes. ECF No. 17 at 19, *See also* ECF No. 32 at 4-6, 24-26. Therefore, an injunction would be the only adequate remedy to prevent Defendants from adding to their debt and finding ways to avoid paying what they already owe. Defendants' vague requests for "due process" without any argument that would refute the Government's assertion that an injunction is necessary and appropriate are unpersuasive. *See* ECF Nos. 38-48. In the absence of any contradicting evidence, the Government has proven by a preponderance of the evidence that an injunction is necessary and appropriate to ensure Defendants' compliance with tax laws.

CONCLUSION

In light of the foregoing considerations, this Court finds that the requisite conditions under 26 U.S.C. § 7402 are satisfied and all four of the traditional equitable factors favor the entering of a preliminary injunction pending the outcome of this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. The United States' Motion for Preliminary Injunction, **ECF No. 32**, is **GRANTED**.

2. During the course of this litigation, Dental Care Associates of Spokane Valley, P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S., P.S.; Hood Family Trust; Whispering Pine Press Inc.; and their

officers; employees; representatives; agents; and any other person in active concert or participation with them, specifically including but not limited to James G. Hood and Karen J. Hood, are prohibited from doing any of the following:

> i. Failing to withhold and pay over to the IRS all federal employment taxes, including employees' federal income taxes, FICA taxes, and FUTA taxes, as required by law;
>
> ii. Transferring any money or property to any other entity in order to have the salaries or wages of Dental Care Associates of Spokane Valley, P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S., P.S.; Hood Family Trust; and Whispering Pine Press Inc. paid by the transferee;
>
> iii. Having Dental Care Associates of Spokane Valley, P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S., P.S.; Hood Family Trust; and Whispering Pine Press Inc.'s employees' salaries or wages paid by any other entity; and
>
> iv. Assigning or transferring any property or rights to the property, or making any disbursements for any purpose, from today's date until all federal employment tax liabilities that accrue after today's date have been paid to the IRS;

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 9

3. Dental Care Associates of Spokane Valley, P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S., P.S.; Hood Family Trust; and Whispering Pine Press Inc. must require that their officers, employees, representatives, agents, and any other person in active concert or participation with it, specifically including but not limited to James G. Hood and Karen J. Hood, do all of the following:

    i. For every tax period ending after today's date and during the course of this litigation, file accurate and timely payroll tax returns and pay any balance due on those returns upon filing;

    ii. For all tax periods ending after today's date and during the course of this litigation, send facsimile copies of the returns to the IRS Revenue Officer assigned to the case on the same day that the returns are filed;

    iii. For every tax period ending after today's date and during the course of this litigation, make all required federal employment tax deposits with its bank within three days of issuing a payroll check and, on the same day the deposit is made, send a facsimile copy of the deposit receipt and a worksheet showing calculation of the amount of the deposit to the IRS Revenue Officer assigned to this case;

   iv.  Within thirty days of today's date, file complete and accurate employment tax returns for all tax periods for all entities that are due but have not yet been filed;

   v.  Provide a copy of this injunction order to every person authorized to sign checks on behalf of Defendants' entities, or otherwise make disbursements of its property, within fourteen days of today's date; and obtain, from each person, a written acknowledgement of the terms of the injunction and a written commitment that the person will personally determine that all federal employment taxes accruing after today's date and during the course of this litigation have been paid over to the IRS prior to making any disbursement of cash or other property; and file with the Court each such writing within seven days of receiving it; and

   vi.  Provide a copy of this order to each of Defendants' employees within fourteen days of today's date.

4. James G. Hood and Karen J. Hood must notify the Internal Revenue Service in writing within thirty days if they begin to operate any other business enterprise pending the outcome of this case;

5. This order shall apply to any other business enterprise operated by James G. Hood or Karen J. Hood, whether now existing or later begun, as if that

ORDER GRANTING UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION ~ 11

entity's name were substituted for Dental Care Associates of Spokane Valley, P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S., P.S.; Hood Family Trust; or Whispering Pine Press Inc. in this Court's injunction order.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to pro se Defendants.

**DATED** this 20th day of November 2015.

                         *s/ Rosanna Malouf Peterson*
                         ROSANNA MALOUF PETERSON
                         Chief United States District Court Judge