1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>DENTAL CARE ASSOCIATES OF SPOKANE VALLEY, PS; DR. JAMES G. HOOD, DDS; and KAREN J. HOOD,<br><br>        Defendants. | NO:  2:15-CV-23-RMP<br><br>ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS |
| --- | --- |

13

14

15

16

17

18

19

   BEFORE THE COURT are the United States' Motion for Judgment on the

Pleadings as to Defendants James G. Hood and Karen J. Hood, ECF No. 58, and

Motion for Default Judgment against Defendants Dental Care Associates of

Spokane Valley P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood,

D.D.S., M.A., P.S.; Dr. James G. Hood, D.D.S., P.S., Karen Jean Matsko Hood as

Trustee of the Hood Family Trust; Whispering Pine Press, Inc.; ECF No. 59.

20

21

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 1

The Court also hereby considers and decides the following motions filed by Defendants: Motion to Quash Subpoenas, ECF No. 79, Motion for Continuance of Request for Subpoenas, ECF No. 80, Request for Motion of Settlement for Court Case, ECF No. 84, Request for Motion of Settlement for Court Case, ECF No. 90, Motion to Accept Following Calendar, ECF No. 89, and Motion for Continuance and to Honor 2017 Calendar Dates Already Agreed Upon by Plaintiff, ECF No. 96. The Court has reviewed the record and the pleadings and is fully informed.

BACKGROUND

This case consists of two consolidated cases brought by the United States against Karen and James Hood and the entities they represent.  Although both cases were the result of Defendants' alleged violations of their tax obligations, the United States first sought an injunction to require Defendants to adhere to relevant tax statutes and later filed the second case seeking a money judgment for the amount they allege Defendants owe in unpaid tax liability.  Importantly, the United States' Motions for Default Judgment and for Judgment on the Pleadings, which were filed in the injunction suit before consolidation, both request the same outcome but pertain to different defendants.  The Motion for Judgment on the Pleadings pertains to Karen and James Hood as individuals, ECF No. 58, and the Motion for Default Judgment pertains to the entities owned and operated by Karen and/or James Hood (entities), ECF No. 59.

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 2

ANALYSIS

**Default Judgment**

This Court previously found that the entities had not properly appeared in this case because corporations can not appear pro se. *See* ECF No. 54 at 2. Defendants have not only ignored the Court's repeated warnings that they cannot represent corporate entities pro se since neither Karen nor James Hood is an attorney licensed to practice in this Court, but Defendants also argue with the plain terms of the Court's orders and come up with different ways to argue why they should be allowed to represent their various entities. *See e.g.*, ECF No. 61. Contrary to what they assert, as the Court already has stated time and again, and what is unambiguously stated in Local Rule 83.6, the Hoods may not represent the entities or one another, because they are not licensed attorneys. The right to appear pro se is an individual right that only extends to self-representation.

On October 8, 2015, the Court Clerk entered the order of default against the entities, pursuant to FED. R. CIV. P. 55(a).[1] The United States now seeks a default judgment pursuant to FED. R. CIV. P. 55(b)(2). "The district court's decision

---

[1] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 3

whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 *Moore's Federal Practice* ¶ 55-05[2], at 55-24 to 55-26).  Although the entities have not provided any justification to withhold entering a default judgment, this Court nonetheless analyzes each of these factors.

**(1) The possibility of prejudice to the plaintiff**

The Government has presented evidence that Defendants scoff their tax obligations and argue that absent an injunction, Defendants will continue to do so. *See e.g.*, ECF Nos. 34 and 59.  Plaintiff requests an injunction that would require Defendants to adhere to their statutory obligations.  *See* ECF No. 17.  Absent an injunction, Defendants' continued hostility to the law could potentially harm both the Government and the public fisc.  Absent any evidence to the contrary, the Court finds that this factor weighs in favor of the Government.

/ / /

/ / /

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 4

**(2) The merits of Plaintiff's substantive claim**

The Government has presented evidence of Defendants' failure to follow tax laws, and Defendants' arguments have only strengthened that evidence; for example, they state their misunderstanding of bankruptcy proceedings and detail the difficulties they face. *See e.g.*, ECF Nos. 38-48.  The Court recognizes and sympathizes with the difficulties of living with disabilities, aging, dealing with a windstorm without any power, having sixteen children, caring for seven special needs children, facing medical expenses, and not understanding court proceedings (even when Defendants have failed to appear at scheduled proceedings for which they received notice).  However, not a single one of these arguments presents any legal defense to the matter at hand: violations of the tax laws.

More importantly, this Court previously ordered that if Defendants did not file an answer that complied with FED. R. CIV. P. 8 by October 1, 2015, the Court would deem all allegations in Plaintiff's Complaint as being admitted. *See* ECF No. 54 at 2.  Defendants did not file anything responding to that Order before the October 1, 2015, deadline.  Therefore, all allegations in Plaintiff's Complaint are deemed admitted.  This factor weighs heavily in favor of the Government.

**(3) The sufficiency of the complaint**

The Government clearly stated the grounds upon which it seeks injunctive relief and has provided proposed terms of an injunction. *See* ECF No. 17.  The

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 5

1  Amended Complaint is more than sufficient, and, therefore, this factor supports

2  granting the default judgment.

3  **(4) The sum of money at stake in the action**

4  As the requested judgment only pertains to the request for injunctive relief,

5  there is no money at stake.

6  **(5) The possibility of a dispute concerning material facts**

7  As addressed regarding the second factor, Defendants have effectively

8  admitted all of the allegations in Plaintiff's Complaint.  Even disregarding that

9  fact, Defendants have failed to refute any material facts with tenable or even

10  relevant arguments.  Therefore, this factor supports granting the default judgment.

11  **(6) Whether the default was due to excusable neglect**

12  Defendants in this case not only ignore all concepts of proper procedure,

13  they openly disobey court orders and fail to provide any basis for the Court to

14  consider their failure to properly appear in this case as "excusable neglect."  This

15  Court grants pro se parties the benefit of the doubt, and from the very outset of this

16  case, this Court has continued to accommodate Defendants even after repeated

17  mistakes.  The Court repeatedly instructed them how to remedy their deficient

18  filings (e.g. directing them to adhere to the clear requirements of FED. R. CIV. P. 8),

19  and has given them time to do so.  *See* ECF No. 54.  Defendants have received

20  numerous extensions of deadlines, *see* ECF Nos. 9 and 12, that were still not met;

21

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT
AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING
DEFENDANTS' MOTIONS ~ 6

received repeated warnings from the Clerk's office that the Court does not accept faxes only to send more faxed documents that the Court often still considered, *see* ECF No. 78; and Defendants repeatedly failed to appear in Court in person or by telephone for scheduled conferences.

Defendants file numerous documents that are essentially the same, and that are largely irrelevant and unresponsive to Plaintiff's allegations. *See e.g.*, ECF Nos. 61-67. As one example of the nature of Defendants' recent filings, they state, "[t]he argument that we do not have attorney [sic] to represent is not a valid [sic] …[w]e are not required to have attorney [sic] and we have the legal right to represent pro se." ECF No. 62 at 3. The "argument" they refute was no longer an argument, but was instead an Order of this Court. *See* ECF No. 54 at 2. Despite Defendants' assertion that this Court is wrong, the Court's prior order, ECF No. 54, stands. In light of the fact that Defendants have filed numerous documents, but have not properly followed the Court Order to properly appear by filing an answer that complies with Fed. R. Civ. P. 8 by October 1, 2015, the Court finds no excusable neglect.[2]

---

[2] Interestingly, despite the October 1, 2015 deadline, and the fact that discovery in this case was set to have been completed by February 5, 2016, Defendants just filed notices of appearances on February 11th and 12th, 2016.

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 7

**(7) The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits**

As addressed above, even after the Court has considered documents that were improperly and untimely filed, Defendants fail to provide any good cause to find that Defendants have any legitimate argument to defend against the Government's claims. Aside from the fact that this Court deems all allegations in Plaintiff's Complaint to have been admitted on procedural grounds, which alone would be sufficient to resolve the present motion in Plaintiff's favor, Defendants also present arguments that support the Government's allegations regarding Defendants' unpaid taxes. *See e.g.*, ECF No. 61 at 2 (seemingly arguing that they incorrectly thought their bankruptcy would resolve certain tax liabilities).

This factor also weighs heavily in favor of granting default judgment regarding the entities. Based on the foregoing considerations, the Court finds that default judgment is appropriate and shall be entered against the entities.

**Judgment on the Pleadings**

Plaintiff also moves for judgment on the pleadings regarding the individual Defendants, James and Karen Hood, who, unlike the entities, are able to appear pro se. Defendants filed responses to Plaintiff's first Complaint, but did not respond to Plaintiff's First Amended Complaint, ECF No. 17. This Court ordered Defendants to file an answer that would comply with FED. R. CIV. P. 8 by October 1, 2015, or it would deem all allegations in Plaintiff's Complaint true. *See* ECF No. 54.

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 8

Defendants did not file anything by that deadline and still have not filed a proper answer.

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when . . . there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009)). "The Court notes that a plaintiff's motion for judgment on the pleadings shall not be granted *unless* all of the defenses raised in the answer are legally insufficient." *Burns v. Consol. Amusement Co.*, 182 F.R.D. 609, 611 (D. Haw. 1998) (emphasis in original) (citing FED. R. CIV. P. 12(c)).

In light of the fact that all of Plaintiff's allegations in its Amended Complaint are deemed true, *see* ECF No. 54, there is no dispute of material fact. Additionally, despite Defendants' procedural errors, the Court still considered their responsive filings, and finds that they do not create any dispute over material facts. Defendants' bare assertions that "some of the [Plaintiff's] allegations are false…" *see e.g.*, ECF No. 13, do not support a viable defense in this matter.  Defendants provide factual excuses for not paying their taxes, *see e.g.*, ECF Nos. 13 and 14,

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 9

but do not provide any legal arguments or support to properly challenge the

Government's assertions regarding Defendants' violations of relevant tax statutes.

In light of the fact that Defendants have not filed any legally sufficient

defense to the claim for injunctive relief, the Court finds that judgment on the

pleadings is appropriate.  In fashioning the appropriate relief in this case, the Court

returns to Plaintiff's Amended Complaint, in which the Government sought a

permanent injunction against Defendants.  *See* ECF No. 17.

Traditionally, in order for a court to find that a permanent injunction is

proper, the party seeking the injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available
> at law, such as monetary damages, are inadequate to compensate for
> that injury; (3) that, considering the balance of hardships between the
> plaintiff and defendant, a remedy in equity is warranted; and (4) that
> the public interest would not be disserved by a permanent injunction.

*Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1088 (9th Cir.

2015) (citing *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006)).

However, 26 U.S.C. § 7402 provides in relevant part:

> The district courts of the United States at the instance of the United
> States shall have such jurisdiction to make and issue in civil actions . .
> . orders of injunction . . . and to render such judgments and decrees as
> may be necessary or appropriate for the enforcement of the internal
> revenue laws.  The remedies hereby provided are in addition to and not
> exclusive of any and all other remedies of the United States in such
> courts or otherwise to enforce such laws.

Importantly, "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010) (quoting *Silver Sage Partners, Ltd. v. City of Desert Hot Springs,* 251 F.3d 814, 827 (9th Cir. 2001)). Additionally "[a] permanent injunction against future violations of a statute is permitted because such merely requires the enjoined party to obey the law." *United States v. Campbell*, 897 F.2d 1317, 1324 (5th Cir. 1990) (citing *Dunlop v. Davis,* 524 F.2d 1278 (5th Cir. 1975)).

This Court analyzes the propriety of a permanent injunction using both the traditional factors and the statutory standard, in the context of having granted the Motions for Judgment on the Pleadings and for Default Judgment.

**(1) Irreparable injury**

Plaintiff's Amended Complaint provided specific amounts of past due taxes to allege Defendants' pattern of ignoring statutory tax obligations, ECF No. 17, and Defendants failed to adequately refute Plaintiff's claims. The Government has shown that it has suffered financially in seeking to ensure Defendants' compliance with the tax code, and the nature of Defendants' responses support the likelihood that they will continue to do so. *See e.g.*, ECF No. 38 (Defendants stating, among

other things, that they: "are left with a great mess to carry forward after the

bankruptcy").

**(2)  The remedies available at law, such as monetary damages, are inadequate to compensate for the injury**

This portion of the case relates to equitable relief to force Defendants to

adhere to tax laws.  Therefore, this factor supports entry of a permanent injunction.

**(3)  Considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted**

Although Defendants have shared details of their difficult life circumstances,

the requested injunction would not impose difficulties beyond what the law

requires and what Defendants already have brought upon themselves by ignoring

tax liabilities.  The balancing of equities supports a permanent injunction to require

Defendants to follow the law.

**(4) The public interest would not be disserved by a permanent injunction**

The public could only benefit from the Defendants being forced to pay taxes

and adhere to relevant tax laws.

Additionally, in granting a preliminary injunction in this matter, the Court

held that "[i]n the absence of any contradicting evidence, the Government has

proven by a preponderance of the evidence that an injunction is necessary and

appropriate to ensure Defendants' compliance with tax laws."  ECF No. 69 at 8.

As outlined above, Defendants have not provided any basis for altering this prior

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 12

determination.  With all of Plaintiff's allegations deemed true, and in light of the

substantial uncontroverted evidence demonstrating tax liabilities, the Court finds

that pursuant to 26 U.S.C. § 7402, an injunction is "necessary" and "appropriate"

to ensure Defendants' compliance with tax laws.

### Defendants' Additional Motions

**Motion to Quash Subpoenas, ECF No. 79, and Motion for Continuance of Request for Subpoenas, ECF No. 80:**

Defendants raised frivolous arguments to either quash subpoenas or receive

additional time to provide requested information.  For example, they argue that

bank records are irrelevant to this case because "we have already lost the case

before the trial even began."  ECF No. 79 at 2.  Prior to this Order being entered,

only a preliminary injunction had been entered, and Defendants still face the

allegations in Plaintiff's Complaint seeking a money judgment for tax liabilities

that are allegedly overdue, so this case has not been fully decided.  Contrary to

Defendants' assertions to the contrary, bank records are relevant to the payments

they did or did not make.

Additionally, Defendants repeatedly assert that they are pro se and want

more time to respond to the "volumes of papers" filed by Plaintiff.  *See e.g.*, ECF

No. 80 at 2.  However, Plaintiff apparently even provided Defendants with detailed

instructions on how they could have opposed subpoenas of their bank records.  *See*

ECF No. 86-1.  Rather than following those instructions, Defendants filed the

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT
AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING
DEFENDANTS' MOTIONS ~ 13

present motions without providing any just cause to grant the requested relief.

Accordingly, Defendants' Motions to either quash or continue the subpoenas lack

any proper justification, and they are both denied.  Defendants shall adhere to the

time requirements as closely as possible, in light of the fact that numerous

deadlines have passed.

**Defendant's Request for Motion of Settlement for Court Case, ECF No. 84, and Defendant's Request for Motion of Settlement for Court Case, ECF No. 90:**

Although it is unclear what Defendants are requesting in these duplicative

motions, they seem to be asking the Court to force the Government to accept a

settlement offer.  Any settlement offers should be directed at the Government, and

not to the Court.  The Court has no power to force a settlement, and, therefore,

these motions are both denied.

Although this argument is raised in the context of requesting what the Court

has no power to grant, it bears noting that Defendants also argue that any

injunction this Court imposes should not force Defendants to pay taxes at a time

earlier than would otherwise be the case under tax laws.  *See* ECF No. 90 at 2.  As

outlined above, Defendants have demonstrated their disregard for tax laws, so the

permanent injunction below is fashioned in a manner designed to ensure their

future compliance.

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 14

**Motion to Accept Following Calendar, ECF No. 89, and Motion for Continuance and to Honor 2017 Calendar Dates Already Agreed Upon by Plaintiff, ECF No. 96:**

Defendants filed two separate motions that both propose the same calendar and ask the Court to adhere to those proposed deadlines.  ECF Nos. 89 and 96.  The Court already has granted extensions and considered Defendants' numerous untimely documents, but Defendants fail to provide any good cause to alter the trial dates to adhere to their proposed deadlines.  In addition, they failed to telephone into the scheduling conference when dates were discussed, even though they had received ample notice of the hearing.  *See* ECF No. 51.  Therefore, both of these motions are denied.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The United States' Motion for Judgment on the Pleadings, **ECF No. 58**, and Motion for Default Judgment, **ECF No. 59**, are **GRANTED**.

2.  Judgment shall be entered for the sole purpose of entering the attached permanent injunction against Defendants James G. Hood and Karen J. Hood, and Defendants Dental Care Associates of Spokane Valley P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S., M.A., P.S.; Dr. James G. Hood, D.D.S., P.S., Karen Jean Matsko Hood as Trustee of the Hood Family Trust; Whispering Pine Press, Inc.

3.  Defendants' Motion to Quash Subpoenas, **ECF No. 79**, and Motion for Continuance of Request for Subpoenas, **ECF No. 80**, are **DENIED**.

4.  Defendants' Request for Motion of Settlement for Court Case, **ECF No. 84**, and Defendants' Request for Motion of Settlement for Court Case, **ECF No. 90**, are **DENIED**.

5.  Defendants' Motion to Accept Following Calendar, **ECF No. 89**, and Motion for Continuance and to Honor 2017 Calendar Dates Already Agreed upon by Plaintiff, **ECF No. 96**, are **DENIED**.

6.  Defendants shall be subject to the following Permanent Injunction:

**Permanent Injunction**

A.      Defendants James G. Hood and Karen J. Hood; Dental Care Associates of Spokane Valley, P.S.; Dr. James G. Hood Family Dentistry, a/k/a Spokane Valley Dental Care, a/k/a/ James G. Hood Family Dentistry, P.S.; Dr. James G. Hood, D.D.S., M.A., P.S., a/k/a James G. Hood D.D.S., P.S., a/k/a James G. Hood D.D.S., M.A., P.S.; Dr. James G. Hood, D.D.S., P.S.; Karen Jean Matsko Hood as Trustee of the Hood Family Trust; Whispering Pine Press, Inc.; those entities' officers, agents, servants, and employees, specifically including but not limited to James G. Hood and Karen J. Hood, and anyone else who is in active concert or participation with any of the individuals or entities listed above (all of

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 16

whom, collectively, are hereinafter referred to as "Listed Parties") are HEREBY

ENJOINED as follows:

i.   Listed Parties may not fail to timely withhold and timely pay

over to the IRS any federal employment taxes, including employees' federal

income taxes, FICA taxes, and FUTA taxes, as required by law;

ii.  Listed Parties shall not transfer any money or property to any

other entity in order to have the salaries or wages of the Listed Parties paid by the

transferee;

iii.  Listed Parties shall not have their employees' salaries or

wages paid by any other entity;

iv.  After a federal employment tax liability accrues, Listed Parties

shall not assign or transfer any property or right to property, or make any

disbursements except to satisfy the tax liability, until the federal employment tax

liability has been satisfied;

v.  Listed Parties shall file accurate and timely payroll tax returns

and pay any balance due on those returns upon filing, including Form 941,

Employer's Quarterly Federal Tax Return, and Form 940, Employer's Federal

Unemployment Tax Return.  Within 24 hours of filing any return during the first

eight Form 941 quarterly tax periods that end after this Order is entered, Listed

Parties shall provide a copy of the return to IRS Revenue Officer Margaret Kent by

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT
AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING
DEFENDANTS' MOTIONS ~ 17

fax to 866-894-4785 or email to margaret.m.kent@irs.gov.  The United States may designate another recipient upon reasonable written notice to Listed Parties.

vi.  Listed Parties shall make all required federal employment tax deposits with their bank within three days (72 hours) of issuing a payroll check. Listed Parties shall retain receipts for each such deposit, and workpapers showing how the amount of each such deposit was calculated.  For each deposit made, within 24 hours of making the deposit, Listed Parties shall transmit copies of the receipts and the workpapers to IRS Revenue Officer Margaret Kent by fax to 866-894-4785 or email to margaret.m.kent@irs.gov.  The United States may designate another recipient of the receipts and workpapers upon reasonable written notice to Listed Parties.

vii.  Listed Parties shall pay over to the IRS all amounts deposited according to: 1) the semi-weekly schedule set forth in 26 C.F.R. § 31.6302-1(c)(2) for withheld income taxes and FICA taxes; and 2) the schedule set forth in 26 C.F.R. § 31.6302(c)-3 for FUTA taxes.  Within 24 hours of each payment under this paragraph, Listed Parties shall transmit proof of payment to IRS Revenue Officer Margaret Kent by fax to 866-894-4785 or email to margaret.m.kent@irs.gov.  The United States may designate another recipient of the receipts and workpapers upon reasonable written notice to Listed Parties.

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 18

viii.  Within 30 days of entry of this Order, Listed Parties shall file complete and accurate employment tax returns for all tax periods for the Listed Parties that are due but have not yet been filed.  Listed Parties shall send copies of these returns to IRS Revenue Officer Margaret Kent by fax to 866-894-4785 or email to margaret.m.kent@irs.gov.  The United States may designate another recipient of the returns upon reasonable written notice to Listed Parties.

ix.  Within 14 days of entry of this Order, Listed Parties shall provide a copy of this Order to every person authorized to sign checks on one of the Listed Parties' behalf.  Listed Parties must obtain, from each such person, a written acknowledgment that the person has read and understood this Order, and a written commitment that the person will personally determine that all federal employment taxes accruing after the injunction date have been paid over to the IRS prior to making any disbursement of cash or other property.  Within 7 days of the person signing the acknowledgment and commitment, the writing must be filed with the Court.

x.  Within 14 days of entry of this Order, Listed Parties shall provide a copy of this Order to each of the Listed Parties' employees.

B.    Defendants James G. Hood and Karen J. Hood as individuals ("Hoods"), are HEREBY FURTHER ENJOINED as follows: James G. Hood and Karen J. Hood shall notify the IRS in writing within 7 days, if they begin to

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING DEFENDANTS' MOTIONS ~ 19

1   operate any other business enterprise.  The notification shall be sent to IRS

2   Revenue Officer Margaret Kent by fax to 866-894-4785 or email to

3   margaret.m.kent@irs.gov.  The United States may designate another recipient of

4   the notice upon reasonable written notice to the Hoods.

5         C.     This Order shall apply to any other business enterprise operated by

6   James G. Hood or Karen J. Hood, whether now existing or later begun, as if that

7   entity's name were substituted for any of the Listed Parties, in the Court's Order.

8         D.     The Court shall retain jurisdiction over the case to ensure compliance

9   with its injunction and to issue and enforce all other additional decrees and orders

10  as may be necessary and appropriate to the public interest.

11        The District Court Clerk is directed to enter this Order, **enter Judgment for**

12  **the purpose of entering the permanent injunction against Defendants James**

13  **G. Hood and Karen J. Hood; Defendants Dental Care Associates of Spokane**

14  **Valley P.S.; Dr. James G. Hood Family Dentistry; Dr. James G. Hood, D.D.S.,**

15  **M.A., P.S.; Dr. James G. Hood, D.D.S., P.S., Karen Jean Matsko Hood as**

16  **Trustee of the Hood Family Trust; and Whispering Pine Press, Inc.**; and

17  provide copies of this Order and Judgment to counsel and pro se Defendants.

18        **DATED** this 25th day of February 2016.

19                                *s/ Rosanna Malouf Peterson*

                             ROSANNA MALOUF PETERSON

20                                 United States District Judge

21

ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT
AND MOTION FOR JUDGMENT ON THE PLEADINGS AND RESOLVING
DEFENDANTS' MOTIONS ~ 20