FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DENTAL CARE ASSOCIATES OF SPOKANE VALLEY, PS; DR. JAMES G. HOOD, DDS; and KAREN J. HOOD,<br><br>　　　　　　　　Defendants. | NO: 2:15-CV-23-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO OBJECT TO PLAINTIFF'S ORDER FOR PERMANENT INJUNCTION |

BEFORE THE COURT is Defendants' "Motion to Object to Plaintiff's Order for Permanent Injunction," ECF No. 126, which the Court construes as a Motion to Alter or Amend the Judgment entered previously, ECF No. 107. The Court has reviewed the Motion and the record, and is fully informed.

ANALYSIS

Although Defendants do not cite which law or rule they rely upon for this Motion, the Court construes it as one brought pursuant to the Federal Rules of

ORDER DENYING DEFENDANTS' MOTION TO OBJECT TO PLAINTIFF'S ORDER FOR PERMANENT INJUNCTION ~ 1

Civil Procedure 59(e) and 60(b). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll*, 342 F.3d at 945 (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))

Similarly, Rule 60(b) permits "reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing FED. R. CIV. P. 60(b) and *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985)).

Defendants' Motion alleges that the Department of Justice was attempting to legislate by seeking an injunction from this Court. *See* ECF No. 126. Defendants' arguments fail to meet the standard for a motion for reconsideration or to amend a

ORDER DENYING DEFENDANTS' MOTION TO OBJECT TO PLAINTIFF'S ORDER FOR PERMANENT INJUNCTION ~ 2

1  previous order and fail to provide any good cause to reconsider this Court's prior

2  Order imposing a permanent injunction.

3  Accordingly, **IT IS HEREBY ORDERED** that Defendants' "Motion to

4  Object to Plaintiff's Order for Permanent Injunction," **ECF No. 126**, is **DENIED**.

5  The District Court Clerk is directed to enter this Order and provide copies to

6  counsel.

7  **DATED** this 29th day of April 2016.

                                              *s/ Rosanna Malouf Peterson*
                                          ROSANNA MALOUF PETERSON
                                            United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO OBJECT TO PLAINTIFF'S ORDER FOR PERMANENT INJUNCTION ~ 3