1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

DENTAL CARE ASSOCIATES OF
SPOKANE VALLEY, PS; DR.
JAMES G. HOOD, DDS; and KAREN
J. HOOD,

                              Defendants.

NO:  2:15-CV-23-RMP

ORDER GRANTING UNITED
STATES' MOTION FOR SUMMARY
JUDGMENT

        BEFORE THE COURT is the United States' Motion for Summary

Judgment, ECF No. 103.  The Court has reviewed the motion, the record, and is

fully informed.

BACKGROUND

        This case consists of two consolidated cases of alleged violations of relevant

tax laws brought by the United States against Karen and James Hood and the

entities they own and operate.  The history of this case has been set out in the

Court's previous orders and will not be repeated in detail here, except as relevant.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY
JUDGMENT ~ 1

1  The United States first sought an injunction to require Defendants' adherence to

2  relevant tax statutes, and later filed the second case seeking a judgment for the

3  amount Defendants allegedly owe in unpaid tax liability.  On February 25, 2016,

4  the Court entered a Permanent Injunction against Defendants, leaving only the

5  "reduce-to-judgment" portion of this consolidated case to be determined.  Arguing

6  that there is no genuine issue of material fact regarding Defendants' liabilities for

7  the alleged amounts of unpaid taxes, the Government now moves for summary

8  judgment.

9      As noted in the Court's previous orders, Ms. Karen Hood has been the

10  individual who has responded pro se on behalf of herself and others in this matter.

11  After being instructed by the Court previously that she could not represent her

12  husband, James Hood, or any of the business entities because she was not an

13  attorney, Ms. Hood has responded with the statement that many of the previous

14  corporations or business entities have been dissolved and are therefore now "sole

15  proprietorships" that she can represent pro se.  Local Rule 83.6 states that "[a]

16  corporation including a limited liability corporation, a partnership including a

17  limited liability partnership, an unincorporated association, or a trust may not

18  appear in any action or proceeding pro se."  Ms. Hood has not presented any

19  evidence to support her conclusory statement regarding the status of the other

20  business entities or her conclusion that she now may represent the other

21  defendants.  Additionally, although Dr. James Hood's signature now appears on

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY
JUDGMENT ~ 2

1    some of the pleadings, none of the entities has entered a proper notice of

2    appearance or answer in this case.

3                                              ANALYSIS

4          The moving party is entitled to summary judgment when there are no

5    disputed issues of material fact when all inferences are resolved in favor of the

6    non-moving party.  *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*,

7    18 F.3d 1467, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c).  If the non-moving party

8    lacks support for an essential element of their claim, the moving party is entitled to

9    judgment as a matter of law regarding that claim.  *See Celotex Corp. v. Catrett*,

10   477 U.S. 317, 323 (1986).  Importantly, at the summary judgment stage, the Court

11   does not weigh the evidence presented, but instead assumes its validity and

12   determines whether it supports a necessary element of the claim.  *Id.*

13         To prevail at the summary judgment stage, a party must establish that a fact

14   cannot be genuinely disputed and that the adverse party cannot produce admissible

15   evidence to the contrary.  FED. R. CIV. P. 56(c).  Once the moving party has met

16   their burden, the non-moving party must demonstrate that there is probative

17   evidence that would allow a reasonable jury to find in their favor.  *See Anderson v.*

18   *Liberty Lobby*, 477 U.S. 242, 251 (1986).

19         In the words of Justice Oliver Wendell Holmes, "Taxes are what we pay for

20   civilized society . . . ."  *Compania Gen. de Tabacos de Filipinas v. Collector of*

21   *Internal Revenue*, 275 U.S. 87, 100 (1927) (Holmes, J., dissenting).  The

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY
JUDGMENT ~ 3

Government has provided significant evidence of Defendants' failure to pay this statutorily-required price, and the nature of Defendants' pleadings throughout this litigation demonstrate Defendants' misunderstanding, or disregard, for the federal tax code, the Court's local rules, and the Federal Rules of Civil Procedure.

The Government filed this present motion for summary judgment on February 24, 2016. ECF No. 103. Defendants did not file any response until March 28, 2016.[1] Pursuant to LR 7.1(b), a response to a dispositive motion must be filed within thirty days "after the mailing of the dispositive motion as noted on the certificate of mailing." The District Court Clerk informed Defendants of these requirements in writing on February 25, 2016. *See* ECF No. 106. In addition, Defendants have been referred to the Federal Rules of Civil Procedure as well as this District's Local Rules. However, the Court once again grants Defendants additional consideration due to their pro se status, and has considered the relevant pleadings and evidence that are relevant here to determine the merits of the Motion for Summary Judgment.

The Government has provided specific and detailed assessments for exact time periods for which Defendants still owe taxes, and has now submitted documentation from the Internal Revenue Service to verify the accuracy of those

---

[1] Defendants date their response as "Filed 3/24/2016" but this does not resolve its untimeliness.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 4

allegedly unpaid amounts. The Government alleges that the Defendants owe the following amounts:

1. James G. Hood, individually – for unpaid Trust Fund Recovery Penalties under 26 U.S.C. § 6672 in the amount of $99,354.45 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

2. Karen J. Hood, individually – for unpaid Trust Fund Recovery Penalties under 26 U.S.C. § 6672 in the amount of $21,030.72 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

3. James G. Hood and Karen J. Hood, jointly – for unpaid federal income taxes in the amount of $31,381.05 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

4. Dental Care Associates of Spokane Valley, P.S. – for unpaid Form 941 employment taxes for those tax periods enumerated in the Government's motion, as well as Dental Care's Form 940 FUTA tax periods in the amount of $327,358.16 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

5. Dr. James G. Hood Family Dentistry, P.S., a/k/a Spokane Valley Dental Care, a/k/a James G. Hood Family Dentistry, P.S. – for unpaid Form 941 employment taxes in the amount of $42,829.46 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

6. Dr. James G. Hood, D.D.S., M.A., P.S., a/k/a James G. Hood D.D.S., P.S., a/k/a James G. Hood, D.D.S., M.A., P.S. – for unpaid Form 941 employment taxes in the amount of $645,038.56, as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date

7. Karen Jean Matsko Hood as Trustee of the Hood Family Trust – for unpaid Form 941 employment taxes in the amount of $34,580.84 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

8. Whispering Pine Press, Inc. – for unpaid Form 941 employment taxes in the amount of $57,940.51 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

*See* ECF No. 103-2.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 5

The Court next considers whether the Defendants have raised a genuine issue of material fact that would bar summary judgment at this point in the proceedings.  The Court has reviewed Defendants' responses which include a brief and attachments, most of which are handwritten notes and sentence-fragments, or circles and abbreviations on the Government's exhibits.  Beyond stating their objections to amounts on the Government's accounting sheets as "excessive," without providing a legal or factual basis as to why the amounts should be deemed "excessive," Defendants also include some specific objections, such as:

- "Interest during bankruptcy needs to be corrected."  ECF No. 116 at 2.
- "We have a right to an Offer of Compromise."  *Id*. at 3.
- "Bankruptcy law states all interest stops during bankruptcy.  This did not happen with us.  Bankruptcy allows discharge of some taxes and we need this done.  *Id*. at 4.
- Summary Judgement [sic] is not appropriate as it denies our right to a fair trial.  *Id*.
- "Amounts are wrong, penalties are excessive, companies that [sic] were dissolved into sole proprietorships which have different rules." *Id*. at 5.
- "We ask for the right to be heard."  *Id*.
- "We offered our real estate sale to pay taxes off but IRS did not set up receivership."  ECF No. 116-6 at 40.

The Court addresses Defendants' defenses in four broad categories:  (1) the IRS improperly imposed interest during the time when Defendants were pursuing bankruptcy relief; (2) Defendants want a trial or want to offer their real estate as an offer of compromise rather than having their case resolved at the summary judgment stage (3) Defendants have dissolved some of their companies into sole proprietorships and demand that the Government retroactively apply sole

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 6

proprietorship tax rules to those dissolved entities; and (4) Defendants' bankruptcy resulted in their taxes being discharged.   The Court will address each of these categories in order.

**(1) Defendants allege that the IRS improperly imposed interest during the time when Defendants were pursuing bankruptcy relief.**

In support of this argument, Defendants have circled and annotated various portions of the Government's exhibits, presumably illustrating imposition of interest and taxes during times when Defendants were in bankruptcy or pursuing other legal action.  However, Defendants' claims are belied by the record. Although Defendants argue that the bankruptcy rules were not applied in suspending interest and penalties during pending legal actions, the actual exhibits show listings for penalties and interest, and notes an amount of "0" for those categories.  Therefore, even though Ms. Hood argues that the IRS imposed interest and penalties during the periods when Defendants had legal cases proceeding, Defendants' submitted exhibits show that no interest or penalties were imposed during many of those periods.  *See e.g.*, Ex No. 116-8 at 3; 116-10 at 6.

As to Defendants' allegations on the exhibits that they had disputed the amounts and/or find the amounts "excessive," Defendants provide only conclusory statements without any citation to authority or submission of evidence or explanation to validate their conclusions.  Therefore, the Court has no basis on which to find that Defendants' arguments have merit.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 7

**(2) Defendants argue that they want a trial or want to offer their real estate as an offer of compromise² rather than having their case resolved at the summary judgment stage.**

Defendants submit Exhibit 2, purporting to be a Purchase and Sale Agreement for real property owned by "Hood, JG&K J/Williams, B&D," in the amount of $925,000.00. ECF No. 116-2 at 2-17. Defendants allege that the IRS is at fault for the failure of the sale to occur because of failing to set up a receivership due to funding shortfalls during sequestration. *See* ECF No. 166-6 at 40.

Defendants also submit a declaration stating that they offered their real estate to the IRS to pay outstanding taxes. ECF No. 132 at 1-2. Defendants blame the Internal Revenue Service ("IRS") for not "sett[ing] up a receivership" to accept the proceeds of a sale of their real estate, but their own evidence demonstrates that the sale was unsuccessful. *See* ECF No. 116-2. They blame the IRS for not doing their part in accepting funds that Defendants apparently did not offer since the sale seemingly did not become final. *Id.* at 2. Defendants fail to explain why the IRS would be involved in the Sale Agreement and, aside from their own April 12,

---

² As the Government explains in its brief, ECF No. 119 at 10, Defendants' request for an "Offer of Compromise" is not properly directed to the Court but should be negotiated with the Department of Justice.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 8

2016, declaration, fail to provide evidence that the proceeds of this purported sale would have been directed to the IRS to resolve unpaid taxes.

Defendants assert that they are being denied their right to a "fair trial." However, there must be some genuine issue of material fact in order for the case to proceed to trial.

**(3) Defendants allege that since they have dissolved some of their companies, those companies are now sole proprietorships that Ms. Karen Hood can represent pro se.**

Defendants demand that the Government retroactively apply sole proprietorship tax rules to certain entities that are allegedly dissolved. *See e.g.*, ECF 116-6 at 37-38; ECF No. 116-7 at 2-3; ECF No. 116-14 at 3-7; ECF No. 116-15 at 7. However, Defendants fail to proffer any law, or explanation, or dates, as to when the entities were changed into sole proprietorships or how the alleged change to "sole proprietorship" status affects the laws or tax amounts at issue. There is no basis for the Court to determine the merit of Ms. Hood's allegations.

**(4) Defendants allege that their bankruptcy resulted in their taxes being discharged.[3]**

Karen and James Hood jointly filed income taxes and jointly incurred debts in the form of taxes, penalties, and assessments for the tax periods ending in

---

[3] *See e.g.*, ECF Nos. 116-20 at 1-2; 132 at 4-9; 133 at 1-9.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 9

December 2009 and December 2011 (filing dates of April 15, 2010, and April 15, 2012, respectively).  ECF No. 103 at 6-10.  In addition, as employers, James and Karen Hood had a duty under 26 U.S.C. § 6672(a) to withhold money from employee paychecks for taxes, retain the money in trust, and periodically pay the money to the United States.  On February 27, 2013, James and Karen Hood filed for Chapter 7 bankruptcy and now argue that all of their tax debts should have been discharged in the 2013 bankruptcy.  *Id.*

Defendants fail to include any documentation that any tax liability was discharged in the bankruptcy, and appear to be relying on a statement in a letter written by attorney John D. Munding, stating "As for the tax debts and tax liens, the older debts should be discharged, while other [sic] may remain in uncollectable status.  The tax liens will remain as liens against the real property until removal through two (2) pending foreclosures."  ECF No. 133 at 5.  Even if Mr. Munding's somewhat cryptic statement would be admissible as evidence in this matter, which is questionable, his statement does not address the issue of whether all of Defendants' tax debt was discharged in bankruptcy or which of Defendants' tax debts could have been discharged.

Defendants also provide a copy of the bankruptcy court order granting them a discharge on December 12, 2013.  ECF Nos. 116-20 and 133 at 6.  In its Motion for Summary Judgment, the Government argues that the taxes it seeks to reduce to judgment are not subject to discharge by a Chapter 7 bankruptcy.  *See* ECF No.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 10

103 at 13-15.  The Government only responds to this argument regarding Karen

Hood's alleged liabilities because it argues that she was the only person to file an

Answer in the reduce-to-judgment suit.  Accordingly, the Government argues that

all allegations against the other Defendants should be deemed admitted.

The taxes that the Government addresses in its motion fall into two separate

categories: (1) trust fund recovery penalties under 26 U.S.C. § 6672, and (2) and

personal income tax, penalties, and assessments (assessed against Karen and James

Hood jointly) for the tax periods ending on December 31, 2009, and December 31,

2011.

The Government also alleges that other Defendants owe taxes for specified

Form 940 and Form 941 periods.  Defendants waived any argument to dispute

these tax liabilities by failing to raise any arguments that would create a genuine

issue of material fact.  Additionally, the entity Defendants have not properly

appeared or filed any response in this case, and none of the Hoods' arguments

specify how any of these amounts should have been discharged, or if so, on what

basis.  Absent any tenable argument to dispute the Government's allegations, the

Court considers these other amounts as conceded.

### 26 U.S.C. § 6672 Trust Fund Recovery Penalties

Employers have the duty to deduct and withhold a portion of an employee's

wages to pay taxes that the employee owes.  26 U.S.C. § 3402.  The money that an

employer collects from employee paychecks is to be held in trust for, reported, and

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY
JUDGMENT ~ 11

paid periodically to the United States.  26 U.S.C § 7501, *See also* 26 U.S.C. § 6011(a).  Moreover, when an employer fails to pay federal employment taxes, the employer may face personal liability in the form of a penalty.  26 U.S.C. § 6672(a); *See United States v. Sotelo*, 436 U.S. 268, 282 (1978).

In *Sotelo*, the respondent incurred a penalty for failing to pay the Government taxes that he collected from his employees.  436 U.S. at 271.  However, respondent argued that his liability should have been discharged by his Chapter 7 bankruptcy petition.  *Id.* at 272.  A divided United States Supreme Court disagreed with respondent, and the majority held that his liability under § 6672 was a non-dischargeable debt.  *Id*. at 282.  The *Sotelo* court reasoned that the legislative history of the Bankruptcy Act § 17a(1) indicated that Congress treated withholding taxes differently, and did not want such taxes to be discharged.  *Id.* at 276 ("With regard to unpaid withholding taxes, however, the three-year limitation was made inapplicable by the addition of the provision that is today § 17a(1)(e).").

As was the case in *Sotelo*, Karen and James Hood incurred penalties for allegedly failing to pay government taxes that were collected from employees, but Defendants seem to argue that the § 6672 penalties should have been discharged in their Chapter 7 bankruptcy.  Pursuant to the holding of *Sotelo,* the § 6672 penalties qualify as non-dischargeable withholding taxes.

/ / /

/ / /

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 12

**Karen and James Hood's Personal Income Tax, Penalties, and Assessments**

Generally, debt is discharged in a bankruptcy unless excepted. *See In re Jones*, 657 F.3d 921, 924 (9th Cir. 2011); 11 U.S.C. § 727. Tax debt as defined in 11 U.S.C. § 507(a)(8) is one such exception. 657 F.3d at 925. Specifically,

> [s]ubsection 507(a)(8)(A)(i) . . . excepts a tax debt from discharge only to the extent that such claims are for—
> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
> > (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

*Jones*, 657 F.3d at 925. "The three-year lookback period, functions as a statute of limitations." *Id.*

In *Jones*, the defendants owed back taxes dating back to October of 2003. *Jones*, 657 F.3d at 924. In October of 2007, the defendants filed a Chapter 7 bankruptcy, believing their tax debts would be discharged. *Id.* In 2009, the defendants' 2007 bankruptcy was reopened to determine whether their tax debts that came due in 2003 were discharged. *Id* at 923. The court in *Jones* held that the defendants' tax debts were discharged because over three years had passed between October 2003 and the filing of their Chapter 7 bankruptcy in October 2007, thereby satisfying the statutory limitation. *Id.* at 925. Moreover, that court held that satisfying the three year limitation was independently sufficient for discharge, unless the plaintiffs could show that statutory tolling affected the necessary three year total. *Id.*

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 13

Defendants here have debts for taxes, penalties, and assessments dating back to April 15, 2010, and April 15, 2012.  Karen and James Hood filed for Chapter 7 bankruptcy on February 27, 2013.  Therefore, unlike the defendants in *Jones,* the time between filing taxes and filing for bankruptcy in this case was less than the minimum three year statutory period.  Both April 15, 2010, and April 15, 2012, the relevant filing dates, are less than three years prior to February 27, 2013, when the Hoods filed their bankruptcy petition.  Therefore, Defendants' tax debt is not dischargeable.

The Court finds that the tax penalties from withheld employee wages held in trust that Defendants did not pay over to the Government are a non-dischargeable debt.  In addition, the Hoods' relevant personal tax debts and penalties are not dischargeable because they filed their Chapter 7 bankruptcy less than three years after the due dates for those amounts.

In this case, the Government has met its burden of providing sufficient evidence to prove its case, and Defendants have not raised a genuine issue of material fact regarding the accuracy or appropriateness of the IRS statements or the Defendants' liability.  Therefore, summary judgment for the United States is appropriate.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.  The United States' Motion for Summary Judgment, **ECF No. 103**, is **GRANTED**.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 14

2.  Judgment shall be entered in favor of the United States against the following parties and in the following amounts:

James G Hood, individually – $99,354.45 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

Karen J. Hood, individually – $21,030.72 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

James G. Hood and Karen J. Hood, jointly –$31,381.05 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

Dental Care Associates of Spokane Valley, P.S. – $327,358.16 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

Dr. James G. Hood Family Dentistry, P.S., a/k/a Spokane Valley Dental Care, a/k/a James G. Hood Family Dentistry, P.S. – $42,829.46 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

Dr. James G. Hood, D.D.S., M.A., P.S., a/k/a James G. Hood D.D.S., P.S., a/k/a James G. Hood, D.D.S., M.A., P.S. – $645,038.56, as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

Karen Jean Matsko Hood as Trustee of the Hood Family Trust – $34,580.84 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

Whispering Pine Press, Inc. – $57,940.51 as of February 29, 2016, plus interest, penalties, and other statutory additions accruing after that date.

3.  The United States shall have valid and subsisting federal tax liens on all property and rights to property of all Defendants, both real and personal, tangible and intangible, in the amounts listed above.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 15

4.  Any pending motions, if any, are **DENIED AS MOOT**.

The District Court Clerk is directed to enter this Order, provide copies to counsel and pro se Defendants, **enter Judgment for the United States consistent with the terms of this Order** and **close this case**.

**DATED** this 21st day of June 2016.


_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 16