UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DENTAL CARE ASSOCIATES OF SPOKANE VALLEY, P.S., *et al,*<br><br>　　　　　　　Defendants. | NO:  2:15-CV-23-RMP<br><br>ORDER REGARDING CONTEMPT |

BEFORE THE COURT are the parties' responses to the Court's February 21, 2017, Order requiring the parties to provide evidence either of the Hoods' adherence to the terms of the previously-imposed injunction, ECF No. 107, or of their failure to comply with the same. *See* ECF No. 170. The Court has considered both parties' submissions, the record, and is fully informed.

As set forth in the Court's previous Show Cause Order, Defendants were on notice as early as October 24, 2016, and November 15, 2016, of the ways in which the Government alleged that Defendants failed to comply with this Court's

ORDER REGARDING CONTEMPT ~ 1

1  injunction.  *See* ECF No. 170 at 2 (citing ECF Nos. 153 and 157).  Through

2  hearings and written Orders, the Court required Defendants to demonstrate their

3  adherence to the Court's injunction, *see e.g.*, ECF Nos. 161 and 170, but

4  Defendants failed to do so.  Throughout this litigation, Defendants alleged personal

5  hardships that were irrelevant to their tax obligations and failed to provide

6  competent evidence of their adherence to the Court's injunction.

7      Despite significant evidence of Defendants' longstanding failure to adhere to

8  their tax obligations, the Government agreed to only seek compliance moving

9  forward.  In light of that concession, the Court focused on tax liabilities that were

10  due on January 31, 2017, and required Defendants to demonstrate that they

11  complied with the Court's Order by timely paying all current taxes that were due

12  on January 31, 2017.  *See* ECF No. 170.

13      During the January 24, 2017, hearing the Court discussed setting a deadline

14  of February 15, 2017, for Defendants to show compliance, but the Court extended

15  that deadline to February 28, 2017, by way of an Order issued on February 21,

16  2017.  *See id*.  The Court stated plainly: "Defendants shall demonstrate that they

17  are in compliance with the Court's injunction by demonstrating that they have paid

18  all relevant new tax amounts that were due on January 31, 2017.  They shall do so

19  with competent evidence **on or before February 28, 2017**." *Id*. at 5 (emphasis in

20  original).  Therefore, the Court clarified that it would not require Defendants to

ORDER REGARDING CONTEMPT ~ 2

prove that they had fulfilled obligations from previous years, but instead, the Court only sought proof that Defendants had met their current tax obligations by the January 31, 2017 tax deadline.

Through documents submitted on February 28, 2017, the Government has established that Defendants did not meet their fourth quarter 2016 obligations by that deadline. *See generally* ECF Nos. 171-172. Furthermore, the Government argues that even if Defendants' late payments were credited as being in full compliance with the Court's Orders, the payments still fall short of Defendants' full fourth quarter 2016 tax liability due January 31, 2017. *See* ECF No. 171 at 5. Additionally, the Government argues that Defendants will have to pay penalties for various late payments and dishonored payments. *See id*. at 5-6.

On and after the February 28, 2017, deadline for proving compliance with the Court's previous orders, Defendants submitted additional pleadings, with exhibits, and argue that they have made additional payments to the IRS, some within days of the February 28, 2017 deadline for proving compliance. *See e.g.*, ECF No. 173, filed February 28, 2017; ECF No. 174, filed March 6, 2017; ECF No. 175, filed March 7, 2017; ECF No. 176, filed March 7, 2017. Defendants' evidence, including Defendants' late filed pleadings as of this date, demonstrate that Defendants failed to make fourth quarter 2016 payments by the January 31, 2017, deadline.

ORDER REGARDING CONTEMPT ~ 3

Defendants have demonstrated a consistent pattern of disregarding their tax obligations by making incomplete payments, making dishonored payments, missing deadlines, etc.  The Court has given Defendants numerous chances to comply with the injunction, ECF No. 107, entered more than a year ago, and even limited their duty to prove compliance by having Defendants demonstrate that they could move forward in a positive direction and comply with meeting one deadline on January 31, 2017.  *See* ECF No. 170.  Defendants failed to meet that limited obligation, and have demonstrated their contempt for both this Court's Order and their obligations under the tax code.

Based on the foregoing, the Court finds Defendants, Dr. James G. Hood, and Karen J. Hood, in contempt of Court.  The Court, therefore, permanently enjoins Defendants from continuing their current businesses or starting any new businesses that would require employing any employees.  Within thirty (30) days of this Order, Defendants shall cease operating their dental care businesses where they serve as employers.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants, Dr. James G. Hood, and Karen J. Hood, are found in contempt of Court.

2. Dr. James G. Hood and Karen J. Hood shall close their dental care businesses, cease operation as employers, and not open any new businesses in which either Dr. James G. Hood or Karen J. Hood serve as employers.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se Defendants.

**DATED** this March 8, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER REGARDING CONTEMPT ~ 5